**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOEL P. ALCARMEN, ALMA S. VALDEZ,** | Case No.: 13-CV-1575 YGR |
| Plaintiffs, | **ORDER PROVIDING NOTICE TO PRO SE PLAINTIFFS OF SUMMARY JUDGMENT PROCEDURE; STRIKING PLAINTIFFS' OPPOSITION; GRANTING PLAINTIFFS LEAVE TO FILE AMENDED OPPOSITION; CONTINUING BRIEFING DEADLINES AND HEARING DATE** |
| v. | |
| **J.P. MORGAN CHASE BANK F/K/A WASHINGTON MUTUAL BANK,** *et al.*, | |
| Defendants. | |

This wrongful foreclosure case was filed by pro se plaintiffs Joel P. Alcarmen and Alma S. Valdez ("Plaintiffs"). Presently before the Court is a motion for summary judgment filed by defendants JPMorgan Chase Bank, N.A. (sued as J.P. Morgan Chase Bank, a national association f/k/a Washington Mutual Bank); California Reconveyance Company; and Citibank, N.A., as Trustee for WaMu Series 2007-HE3 Trust (sued as the entities Long Beach Mortgage Company, Long Beach Securities Corporation, Washington Mutual Loan Trust 2006-HE3, and Deutsche Bank National Trust Company) (collectively, "Defendants"). (Dkt. No. 26 ("Motion").) Defendants' Motion seeks the complete dismissal of Plaintiffs' case.

The Court previously established a briefing and hearing schedule for the Motion. (Dkt. No. 23.) Defendants were required to file the Motion by November 19, 2013, and substantially complied with that requirement.[1]  Plaintiffs were required to file any opposition to the Motion no later than January 3, 2014. Defendants, in turn, are required to file any reply by January 17, 2014. (*Id.*)

Plaintiffs timely filed a brief opposing the Motion on January 2, 2014. (Dkt. No. 30 ("Opposition").) The Opposition, however, demonstrates an incorrect understanding of the procedure

---

[1] Defendants filed the Motion at 17 minutes past midnight on November 20, 2013. In the unusual circumstances of this case, the Court **EXCUSES** Defendants' tardy filing.

for summary judgment, as well as the legal standard governing that sort of motion. The Opposition's technical and other deficiencies are severe enough that Plaintiffs have yet to participate meaningfully in the summary judgment process. The Opposition focuses entirely on the legal sufficiency of Plaintiffs' complaint, citing for factual support nothing more than the factual allegations of the complaint. Plaintiffs supplied no declarations or supporting documents—in short, no evidence. Nor do Plaintiffs evince awareness of the legal standard governing summary judgment in federal court. (*See* Opposition at 3-4 (reciting standard governing demurrers filed in a California state court, as opposed to a summary judgment motion filed in federal court).) Ultimately, the Opposition is most like the sort of brief a party might file to oppose a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). That, however, is not the type of motion Plaintiffs are facing. A motion for summary judgment is an entirely different type of motion. It is governed by Federal Rule of Civil Procedure 56, rather than Rule 12. It has specific, and rather complicated, requirements. Plaintiffs' Opposition does not meaningfully address those requirements.

Rule 56(e)(4) authorizes federal courts to issue "any . . . appropriate order" when a non-moving party has failed to oppose a summary judgment motion properly. The advisory notes to that Rule state that such orders "should be designed to encourage proper presentation of the record." Fed. R. Civ. P. 56(e)(4), Advisory Committee Notes, 2010 Amendments. Further, courts may "take extra care with pro se litigants, advising them of the need to respond [to a motion for summary judgment] and the risk of losing by summary judgment if an adequate response is not filed." *Id.*[2]

Here, the appropriate order is one providing Plaintiffs with notice of what is required to oppose a motion for summary judgment, then striking—that is, throwing out—the Opposition filed on January 2, 2014, and, lastly, giving Plaintiffs one last chance to respond meaningfully to Defendants' Motion. Such an order will provide Plaintiffs further opportunity to present an evidentiary record.

---

[2] *See also* CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL, ¶ 14:102.8a ("Rule 56(e) makes clear that summary judgment can be granted *only if the record supports it*. Summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less for untimely or otherwise defective opposition papers." (citing Fed. R. Civ. P. 56(e), Advisory Committee Notes, 2010 Amendments) (emphasis in original)).

Accordingly, the Court provides the following notice to Plaintiffs for their information in connection with Defendants' motion for summary judgment:

> Defendants are making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendants. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).[3]

Having provided this notice to Plaintiffs, the Court hereby **STRIKES** Plaintiffs' Opposition of January 2, 2014. Defendants' Motion remains undisturbed and shall not be refiled or amended.

The Court **GRANTS** Plaintiffs permission to file an amended opposition brief. Plaintiffs shall file any amended opposition no later than **February 14, 2014**. Defendants shall file any reply to an amended opposition no later than **February 21, 2014**.

The Court **CONTINUES** the motion hearing currently set on February 4, 2014. That hearing is now scheduled for the Court's 2:00 p.m. Calendar on **Tuesday, March 4, 2014**.

The Clerk shall strike Dkt. No. 30 from the record.

**IT IS SO ORDERED.**

Date: January 16, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court further notes that Plaintiffs may seek assistance at the Court's Legal Help Center. The Legal Help Center may assist persons who do not have lawyers if they make an appointment. The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.