**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOEL P. ALCARMEN, ALMA S. VALDEZ,**<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**J.P. MORGAN CHASE BANK F/K/A WASHINGTON MUTUAL BANK,** *et al.***,**<br><br>   **Defendants.** | **Case No.: 13-CV-1575 YGR**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

Pro se plaintiffs Joel P. Alcarmen and Alma S. Valdez filed this wrongful foreclosure case on March 6, 2013 in the California Superior Court for Alameda County. (Dkt. No. 1, Ex. 1 ("Complaint").) Plaintiffs name as defendants JPMorgan Chase Bank, N.A. (sued as J.P. Morgan Chase Bank, a national association f/k/a Washington Mutual Bank) (herein, "Chase"); California Reconveyance Company; and Citibank, N.A., as Trustee for WaMu Series 2007-HE3 Trust (herein, "Citibank") (sued as Long Beach Mortgage Company, Long Beach Securities Corporation, Washington Mutual Loan Trust 2006-HE3, and Deutsche Bank National Trust Company) (collectively, "Defendants"). The Complaint sets forth two claims based on federal law (specifically, alleged violations of the Truth in Lending Act ("TILA") and Real Estate Settlement and Procedures Act ("RESPA")) and nine claims based on California state law. This Court has removal jurisdiction

over the federal claims and supplemental jurisdiction over the state-law claims.  (Dkt. No. 1; 28 U.S.C. §§ 1367, 1441.)

Now before the Court is Defendants' motion for summary judgment as to all counts.  (Dkt. No. 26 ("Motion").)  Having considered the record and the arguments of the parties, and for the reasons set forth herein, the Motion is **GRANTED**.[1]  A separate Judgment shall issue.

## II. BACKGROUND

### A. EVIDENTIARY MATTERS

The evidentiary record in this case consists of recorded instruments and judicial opinions, all but one of which are contained in Defendants' unopposed Request for Judicial Notice (Dkt. No. 26-2 ("RJN")).  Defendants' RJN is **GRANTED**.  *See* Fed. R. Evid. 201(b)(2); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (public records and documents on file in federal or state courts subject to judicial notice).  As cited below, plaintiffs proffer as exhibits to their declarations some though not all of the recorded instruments proffered by Defendants.

Plaintiffs also proffer a purported "Mortgage Loan Chain of Title Report" ostensibly prepared by an entity called "Processing Center."  (Dkt. No. 35 ("Alcarmen Decl."), Ex. F.)[2]  This seventeen-page document is inadmissible as evidence for three reasons.  First, though it is attached to plaintiffs' opposition brief, neither plaintiff's declaration authenticates it.  Fed. R. Evid. 901; Civ. L.R. 7-5.  Second, the document is replete with inadmissible speculation lacking in foundation.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).  Third, the document is inadmissible to the extent it contains legal arguments and lay opinions, of which it contains many.  (Alcarmen Decl., Ex. F at 11-13.)  The "Mortgage Loan Chain of Title Report" is not evidence and plays no part in the Court's determination of the Motion.

///

///

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

[2] Both Alcarmen and Valdez submitted in support of their brief opposing summary judgment identical declarations that rely on the same exhibits.  For ease of reference, the Court refers simply to the Alcarmen Declaration.

### B.     PLAINTIFFS' LOAN AND PRIOR PROCEEDINGS

On March 19, 2007, Alcarmen obtained a loan for $603,000 from Washington Mutual Bank ("Washington Mutual"), secured by the subject property in Hayward, California. (RJN, Ex. A.) The deed of trust to the property names Washington Mutual as the lender and beneficiary and Ticor Title Company as the Trustee. (*Id.*) On May 1, 2007, the subject loan was securitized by being placed into the WaMu Series 2007-HE3 Trust. (*Id.*, Ex. B.) The terms of the pooling and services agreement for that trust indicate Washington Mutual remained the servicer of the loan. (*Id.*)

On November 1, 2007, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in connection with the deed of trust was recorded. (RJN, Ex. C; Alcarmen Decl., Ex. A.) The Notice of Default reflects that the subject loan was $17,953.32 in arrears. (*Id.*) On February 6, 2008, a Notice of Trustee's Sale in connection with the deed of trust was recorded as instrument number 2008049357.[3] (RJN, Ex. D; Alcarmen Decl., Ex. B.) On July 2, 2008, the property was sold to Citibank in its capacity as trustee for the WaMu Series 2007-HE3 Trust, as reflected by a Trustee's Deed Upon Sale recorded July 9, 2008 as instrument number 2008210844. (RJN, Ex. F; Alcarmen Decl., Ex. C.) Also on July 9, 2008, an Assignment of Deed of Trust was recorded as instrument number 2008210843. (RJN, Ex. E.) Under the assignment, Washington Mutual assigned to Citibank, in the latter's role as trustee for the WaMu Series 2007-HE3 Trust, all of Washington Mutual's beneficial interest in the deed of trust. (*Id.*)

On September 25, 2008, pursuant to a Purchase and Assumption Agreement, Chase acquired certain assets and liabilities of Washington Mutual from the FDIC acting as receiver. (*See* RJN, Ex. G.) Among the assets and liabilities Chase acquired was Washington Mutual's interest in servicing the subject loan. (*See id.*, Article III, § 3.1 (providing for Chase's purchase of "all mortgage servicing rights and obligations of" Washington Mutual).)

On October 21, 2010, Alcarmen filed a civil complaint for damages in Alameda County Superior Court, case number HG10542862. (RJN, Ex. L.) The state court action named as defendants Chase, California Reconveyance, and Citibank—all defendants in this case—as well as

---

[3] All instrument numbers refer to instruments recorded with Alameda County Official Records.

fifty Does.  (*Id.*)  On December 1, 2010, defendants removed to this Court.  (N.D. Cal. Case No. 10-cv-05441-JSW, Dkt. No. 1.)  The case ultimately came before the Honorable Jeffrey S. White.  (*Id.*, Dkt. No. 13.)  On March 30, 2011, Judge White granted a motion to dismiss Alcarmen's TILA and RESPA claims and dismissed those claims with prejudice.  (RJN, Ex. M.)  He then remanded to Alameda County Superior Court Alcarmen's remaining twenty-two state-law causes of action.  (*Id.*)

On August 16, 2011, now litigating once more in state court, Alcarmen filed a First Amended Complaint that reduced the causes of action to nine.  (RJN, Ex. N.)  Chase and California Reconveyance demurred and, on February 14, 2012, the Superior Court sustained the demurrer without leave to amend as to four causes of action, specifically, concealment, intentional misrepresentation, negligent misrepresentation, and injunctive relief.  (RJN, Ex. O.)  Notably, the Superior Court's reason for sustaining the demurrer to those causes of action was res judicata: it ruled that "those four causes of action all involve the alleged injuries to Plaintiff that were adjudicated and dismissed in Alameda Case No. RG08-424411" and therefore were precluded.  (*Id.*)[4]  The court granted Alcarmen leave to amend his other claims.  (*Id.*)

On February 21, 2012, Alcarmen filed a Second Amended Complaint.  (RJN, Ex. P.)

On March 2, 2012, the trustee's sale of July 2, 2008 was rescinded, notice of which was recorded as instrument number 2012075488.  (RJN, Ex. H; Alcarmen Decl., Ex. D.)  The notice of rescission states that the trustee's sale was "conducted through inadvertence and oversight."  (*Id.*)

Roughly four months later, on July 18, 2012, another Notice of Trustee's Sale of the subject property was recorded as instrument number 2012229503.  (RJN, Ex. I.)  The Notice of Trustee's Sale stated that Alcarmen was in default and the subject property would be sold at public auction on August 9, 2012.  (*Id.*)

The auction of the subject property scheduled for August 9, 2012 (RJN, Ex. I) apparently did not occur, for, on August 13, 2012, Alcarmen filed an interspousal grant deed as instrument number 2012264241.  (RJN, Ex. J.)  The interspousal grant deed changed the subject property from Alcarmen's separate marital property to community property of Alcarmen and Valdez.  (*Id.*)

---

[4] Neither side has provided judicially noticeable documents from Alameda County Superior Court Case No. RG08-424411, and accordingly the Court does not take judicial notice of that proceeding.

On August 15, 2012, the Superior Court sustained a demurrer to Alcarmen's Second Amended Complaint and dismissed without leave to amend his five remaining causes of action: violation of California Business and Professions Code section 17200, breach of fiduciary duty, breach of contract, quiet title, and intentional infliction of emotional distress.  (RJN, Ex. Q.)

On November 19, 2012, a Notice of Trustee's Sale of the subject property was recorded as instrument number 2012386928.  (Alcarmen Decl., Ex. E.)  The Notice of Trustee's Sale stated that Alcarmen was in default—it does not mention Valdez or the interspousal assignment—and the subject property would be sold at public auction on December 11, 2012.  (*Id.*)  The record does not reflect whether that sale took place.

### C.   THE CURRENT PROCEEDING

Plaintiffs filed this action in Alameda County Superior Court on March 6, 2013.  The instant Complaint asserts eleven causes of action: (1) declaratory relief; (2) contractual breach of good faith and fair dealing; (3) violations of TILA; (4) violations of RESPA; (5) rescission; (6) fraud; (7) unfair and deceptive acts and practices; (8) breach of fiduciary duty; (9) unconscionability; (10) quiet title; and (11) intentional infliction of emotional distress.

On November 20, 2013, Defendants filed the Motion now at bar.  On January 2, 2014, Plaintiffs filed a document styled as an opposition to Defendant's summary judgment motion.  (Dkt. No. 30.)  On January 16, 2014, the Court issued an Order observing that plaintiffs' brief suffered from "technical and other deficiencies" that were "severe enough that Plaintiffs have yet to participate meaningfully in the summary judgment process."  (Dkt. No. 31 at 2.)  Pursuant to Federal Rule of Civil Procedure 56(e)(4), the Court struck the brief, issued a *Rand*[5] notice apprising plaintiffs of what is required to oppose a motion for summary judgment in federal court, referred them to the Court's Legal Help Center, and ordered plaintiffs to file an amended opposition brief by February 14, 2014.  (*Id.* at 2-3.)

Plaintiffs' deadline passed without plaintiffs filing anything.  The Court ordered plaintiffs to show their continued intent to prosecute their case by filing an amended opposition brief by March 3, 2014.  (Dkt. No. 34.)  The Court also vacated oral argument pursuant to Civil Local Rule 7-1(b).

---

[5] *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

(*Id.*)  Plaintiffs timely filed an amended opposition brief and Defendants timely filed a reply.  (Dkt. Nos. 35, 36.)

## III.    LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings, depositions, discovery responses, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48 (dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.'"  *Id.* (quoting *Anderson*, 477 U.S. at 250).

## IV.    DISCUSSION

Defendants raise a panoply of challenges to the claims asserted in plaintiffs' Complaint.  The Court need not address them all because the Court concludes that one alone, the issue of res judicata, entitles Defendants to summary judgment and thus suffices to dispose of the Motion in its entirety. That being said, to the extent that Defendants suggest that they are entitled to summary judgment simply because the pro se plaintiffs in this case have received opportunities to amend their moving papers that a represented party normally would not receive (Reply at 1-2), they are mistaken.  As the Court previously explained, summary judgment may not be granted unless the record supports it.

(Dkt. No. 31 at 2.) The failures of the party opposing summary judgment do not relieve the moving party of its ultimate burden on the motion, which, here, is to "affirmatively demonstrate that no reasonable trier of fact could find other than for" Defendants. *Soremekun*, 509 F.3d at 984; *see also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact."). And, as the Court now explains, defense counsel, too, have required opportunities normally not given.

### A. WAIVER OF AFFIRMATIVE DEFENSES

Defendants' Motion asserts two affirmative defenses, (1) res judicata and (2) the statutes of limitations applicable to several of plaintiffs' causes of action. (Motion at 7-11; *see also* Fed. R. Civ. P. 8(c)(1) (enumerating affirmative defenses, "res judicata" and "statute of limitations" among them.) Normally, affirmative defenses not set forth in an answer to the operative complaint are waived. *E.g.*, Wright & Miller, 5 FED. PRAC. & PROC. CIV. § 1278 (3d ed.) (describing waiver rule as "a frequently stated proposition of virtually universal acceptance"). Removed actions such as this one are subject to special procedures for answering the removed complaint, set forth in Federal Rule of Civil Procedure 81(c). That Rule obligates Defendants either to have answered the Complaint in state court, or to file an answer in this Court, subject to deadlines set forth in subsection (2) of the Rule. Both federal statute and court order required Defendants to supply this Court with copies of all pleadings filed in the state court. 28 U.S.C. § 1441(b); Standing Order in Civil Cases, ¶ 11 (*available at* http://cand.uscourts.gov/ygrorders). Here, Defendants presented the Complaint but no answer thereto. (*See* Dkt. No. 1.) Further, the docket of this case reflects that Defendants never answered in this Court.

Normally, then, the defenses Defendants assert in their Motion would be waived. However, the Ninth Circuit has liberalized the rules regarding waiver of affirmative defenses such that district courts have discretion to permit the assertion of an affirmative defense for the first time on summary judgment, provided that there is no prejudice to the nonmoving party and the nonmoving party is given an opportunity to respond. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997); *Camarillo v. McCarthy*, 998

F.2d 638, 639 (9th Cir. 1993); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). This is so even if the affirmative defense in question was not listed in the answer, *see Camarillo*, 998 F.2d at 639, and even if no answer was filed, *see Ledo Fin. Corp.*, 122 F.3d at 827.

Here, as recounted in Section II.C, Alcarmen has had multiple opportunities to respond. He has not raised the issue of prejudice. Neither is any prejudice apparent. His remedy for the failure to file an answer would have been to move for entry of default and then for default judgment, which he did not do. *Cf. Ledo Fin. Corp.*, 122 F.3d at 827 (no prejudice where plaintiff ultimately would not have received a default judgment even if plaintiff had moved for one). Accordingly, the Court exercises its discretion to permit Defendants to assert the affirmative defenses raised in their Motion, notwithstanding Defendants' inexplicable failure to answer the Complaint.

In exercising its discretion, the Court takes into account the unusual circumstances of this case, which has seen both sides, including represented parties, struggle to comply with elementary procedural rules. (*See* Dkt. No. 23 (denying Defendants' request to file an untimely motion to dismiss and instead giving leave to file the instant Motion).) The Court's exercise of discretion is consistent with the Federal Rules' underlying purpose of encouraging resolution of disputes on their merits rather than technical formalities. *See*, *e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010); *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). The affirmative defenses asserted by Defendants in their Motion, though procedural and formal in some sense, are not emptily formal. Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328-29 (1971)). Statutes of limitation exist in part "to protect defendants against stale or unduly delayed claims." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1420 (2012)). One common thread linking both defenses is that they effect the important judicial policy of finality. *Cf. Arizona v. California*, 460 U.S. 605, 619-20 (1983) *decision supplemented*, 466 U.S. 144 (1984) (describing virtues of finality embodied in res judicata and remarking on special importance of finality "to rights in real property"). By permitting Defendants to

assert their affirmative defenses, the Court's ruling here serves the same policy of finality. Accordingly, the Court turns to Defendants' asserted bases for summary judgment, which include, among others, res judicata and statute of limitations defenses. As previously explained, because the res judicata defense alone is dispositive, the Court reaches only that defense.

### B.   RES JUDICATA

Defendants assert res judicata on the basis of prior litigation commenced in state court and then removed to this federal Court. This Court dismissed the federal claims with prejudice and then remanded the remaining state-law claims. The state court ultimately dismissed the state-law claims with prejudice. (*See supra* Section II.B.) On these facts, the Court must apply federal res judicata principles to determine the preclusive effect of the claims dismissed by this federal Court, and California's res judicata principles to determine the preclusive effect of the claims dismissed by the state court. *See generally* Wright & Miller, 18B FED. PRAC. & PROC. JURIS. §§ 4466, 4469 (2d ed.). The two approaches are conceptually distinct: federal courts use a "transactional" theory of claim preclusion, while "California courts employ the 'primary rights' 'theory to determine what constitutes the same cause of action for claim preclusion purposes." *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1232 (9th Cir. 2014) (internal quotation marks omitted). Defendants' Motion ignores this distinction and grounds its arguments exclusively in California's law of res judicata, notwithstanding its reliance on a federal judgment. In this case, however, the theoretical distinctions between the federal and California approaches do not yield a practical difference. As set forth below, under either approach, the undisputed facts demonstrate that res judicata bars plaintiffs' claims.

#### 1.   Relevant Res Judicata Principles

Federal courts apply federal res judicata principles to the judgments of a federal court. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Under those federal principles, "[t]hree elements constitute a successful res judicata defense": (1) identity of claims, (2) a final judgment on the merits of the earlier claims, and (3) identity or privity between the parties to the earlier and later proceedings. *Tahoe-Sierra*, 322 F.3d at 1077 (internal quotation marks and footnote omitted). As to the first prong, claims are identical when they derive from the same transactional

nucleus of facts, notwithstanding any "different legal labels" attached to the claims.  *Id.* at 1077-78.  Under federal res judicata principles, a final judgment bars later relitigation of any claims that "could have been brought" in the action, regardless of whether they "were actually pursued."  *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (citing *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987)); *accord Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir. 1993).

Federal courts give to the judicial proceedings of any state "the same full faith and credit . . . as they have by law or usage in the courts of such State."  28 U.S.C. § 1738; *see also San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.*, 545 U.S. 323, 347-48 (2005).  Federal courts applying res judicata to a state court decision therefore give the state court decision "the same preclusive effect" that the state's own courts would give, meaning that the federal court applies "res judicata as adopted by that state."  *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010) (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)); *see also Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law.").  "Under California law, res judicata precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action."  *Adam Bros. Farming*, 604 F.3d at 1148-49 (citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (Cal. 2002)).  As to the first prong of the California test, "[a] claim is the 'same claim' if it is derived from the same 'primary right,' which is 'the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based.'"  *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125-26 (9th Cir. 2013) cert. denied, 134 S. Ct. 900 (U.S. 2014) (quoting *Adam Bros. Farming*, 604 F.3d at 1149).  Similar to federal law, California res judicata principles bar causes of action that could have been but were not raised in an earlier action leading to a final judgment on the merits, provided the causes of action derive from the same primary right asserted in the earlier action.  *See Mycogen*, 28 Cal. 4th at 897; *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1175 (Cal. Ct. App. 1983).

///

### 2. Application of Res Judicata Principles

#### a. Identity of Claims

Plaintiffs' claims in this civil action form part of the same transactional nucleus of facts as his earlier state court action, and assert the same primary right. As such, his claims satisfy the "identical claims" requirement under both federal and California tests.

With respect to the federal test, Alcarmen's earlier case arose from alleged misconduct during loan initiation and in the foreclosure proceedings later instituted against him. This case does the same. (*Compare* RJN, Ex. L *with* Complaint.) The reformulation of Alcarmen's legal theories between successive iterations of his pleading is immaterial. "It is well settled that res judicata bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not." *Palomar Mobilehome Park Ass'n*, 989 F.2d at 365.

With respect to the California test, the primary right at issue is plaintiffs' right to hold the subject property, and the injuries for which Alcarmen sought relief in state court are the same injuries for which he and Valdez now seek to hold defendants liable, namely, invasion of the right to hold property in the form of a wrongful foreclosure proceeding. The civil actions in both state court and this Court arise from the same loan, the same property, the same deed of trust, and the same foreclosure proceedings. The fact that plaintiffs have reframed their legal theories to some degree is immaterial for purposes of California's primary rights-oriented application of res judicata. *See Crosby v. HLC Properties, Ltd.*, 223 Cal. App. 4th 597, 603 (Cal. Ct. App. 2014). The Court finds that the case at bar derives from the same primary right as plaintiff's previous action. Thus, the requirement of identity of claims is satisfied under both federal and California law.

#### 2. Identity of Parties

Both California and federal law require that the parties to the lawsuit at bar be identical to, or in privity with, the parties to the earlier lawsuit where final judgment entered. *See Mycogen,* 28 Cal. 4th at 896; *Tahoe-Sierra*, 322 F.3d at 1081. In Alcarmen's earlier lawsuit, the named defendants were Chase, California Reconveyance, and Citibank. Here, they are Chase, California

Reconveyance, and Citibank.[6] Alcarmen, of course, is plaintiff in both suits. (*Compare* RJN Ex. L *with* Complaint.) These parties, being identical, are "quite obviously in privity." *Tahoe-Sierra*, 322 F.3d at 1081.

Valdez's absence from the earlier complaint is immaterial for res judicata purposes because, for two reasons, she is in privity with Alcarmen. First, she was the recipient of an interest in the subject property via an interspousal grant. (RJN, Ex. J.) Second, as Alcarmen's wife and cohabitant in the subject property (*see id.*), there is "substantial commonality" in Valdez and Alcarmen's interests. *See Miller v. Wright*, 705 F.3d 919, 928 (9th Cir. 2013) cert. denied, 133 S. Ct. 2829 (U.S. 2013); *see also Tahoe-Sierra*, 322 F.3d at 1081-82 (explaining that "privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases"). The requirement of identical parties is satisfied under both California and federal law.

### *3. Final Judgment on the Merits*

Both California and federal law ascribe preclusive effect only to final judgments on the merits. *See Gonzales,* 739 F.3d at 1231 (applying California law); *Adam Bros. Farming*, 604 F.3d at 1149 (same); *Tahoe-Sierra*, 322 F.3d at 1081 (federal law); *Miller*, 705 F.3d at 928 (same). Here, the record reflects the existence of no fewer than two final judgments on the merits in litigation between these parties, one by this Court and another by the Alameda County Superior Court. (RJN, Exs. M (federal dismissal with prejudice), Q (state court dismissal with prejudice).) For purposes of both federal and California law, plaintiffs' claims are precluded because they were previously adjudicated on their merits.

## V. CONCLUSION

Because the undisputed facts show that plaintiffs' case is entirely barred by res judicata, Defendants are entitled to summary judgment. The Court need not and does not reach Defendants' other proffered bases for summary judgment. The Court hereby **GRANTS** Defendants' Motion for Summary Judgment. Judgment shall enter separately.

---

[6] Defendants state that Citibank has been erroneously sued as Long Beach Mortgage Company, Long Beach Securities Corporation, and Deutsche Bank. (Motion at 9 n.1.) Plaintiffs fail to respond to that contention, which therefore may be regarded as conceded. Even if not conceded, such parties' interest would overlap substantially enough with the other named defendants to establish privity.

This Order terminates Civil Case No. 13-1575.  The Clerk shall close the file upon entry of Judgment.

**IT IS SO ORDERED.**

Date: July  8, 2014

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**

13